**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rayon Smith, | No. CV-25-04047-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Miramar Police Department, et al., | |
| Defendants. | |

This is the second suit plaintiff Rayon Smith has filed in this court against the same defendants based on the same events. Smith's previous suit was dismissed for failure to state a claim for relief and Smith did not appeal. Smith cannot pursue the same claims simply by filing a new suit. The complaint is dismissed and all motions denied as moot.

In August 2025, Smith filed a complaint against defendants Miramar Police Department, Cockrell Hill Police Department, Tempe Police Department, Waymo LLC, Covert Bee Cave, and various John Does. CV-25-2780-PHX-SMB. The court screened the complaint and determined Smith was attempting "to assert claims against non-jural entities and otherwise fails to state a claim upon which relief may be granted." Doc. 5 at 4, CV-25-2780-PHX-SMB. Smith's complaint was dismissed but he was granted leave to amend. Smith filed an amended complaint and on September 22, 2025, the court dismissed that complaint for failure to state a plausible claim for relief. The court determined further leave to amend would be futile, and the case was closed. Doc. 11, CV-25-2780-PHX-SMB. Smith did not appeal.

On October 29, 2025, Smith initiated this suit by filing a complaint, an application for leave to proceed in forma pauperis, a motion to appoint counsel, and a motion to allow electronic filing. (Doc. 1, 3-5.) The complaint is formatted differently from the complaints Smith filed in his earlier case, but he names the same defendants and is attempting to sue those defendants for the same alleged wrongs as his earlier suit. Based on the many alleged wrongs by the defendants, Smith seeks "[c]ompensatory and punitive damages of $500,000,000 (Five Hundred Billion Dollars) TAX FREE." (Doc. 1 at 4.) Smith also seeks a "permanent federal injunction" prohibiting among other things all "surveillance . . . or further unauthorized access to [his] property or communications." (Doc. 1 at 4.)

Smith's previous suit was dismissed for failure to state a claim. Such a dismissal "is a judgment on the merits to which res judicata applies." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (simplified). And "[r]es judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties." *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). The claims Smith is attempting to bring in the present case either were asserted or could have been asserted in his previous suit. Therefore, this complaint dismissed without leave to amend. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (affirming in forma pauperis screening based on res judicata).

**IT IS ORDERED** the Application (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** the Motion to Appoint Counsel and Motion to Allow Electronic Filing (Doc. 4, 5) are **DENIED AS MOOT**.

Dated this 31st day of October, 2025.

Honorable Krissa M. Lanham
United States District Judge